IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

ARTHUR C. RAPP, JR.,

                Plaintiff,

      v.

PRUDENTIAL FINANCIAL, INC., *et al.*,

           Defendants.

Civil Action No.
6:12-CV-1698 (NAM/DEP)

---

APPEARANCES:                            OF COUNSEL:

FOR PLAINTIFF:

LEVINE & BLIT, PLLC                LEWIS G. SPICER, ESQ.
499 South Warren St.
Suite 500B
Syracuse, NY 13202

FOR DEFENDANTS:

MORGAN LEWIS & BOCKIUS LLP      NITIN SHARMA, ESQ.
502 Carnegie Center               RENE M. JOHNSON, ESQ.
Princeton, NJ 08540

## ORDER

Plaintiff Arthur C. Rapp, Jr., commenced this action on November

18, 2012, against several defendants including, *inter alia*, Ken Jones. Dkt.

No. 1. An amended complaint was subsequently filed by the plaintiff on

December 30, 2012. Dkt. No. 4. Plaintiff's complaint, as amended,

alleges discrimination on the basis of disability, retaliation, and

constructive discharge, in violation of the Americans With Disabilities Act, 42 U.S.C. § 12,101, *et seq.*, and the New York State Human Rights Law, N.Y. Executive Law Section 290, *et seq. See generally id.*

On January 22, 2013, the court issued a text notice pointing out that none of the defendants had yet appeared in the action and advising plaintiff's counsel to file a letter motion requesting an extension of time to serve the summons and amended complaint, if necessary. Text Notice Dated 1/22/13. In response, plaintiff's counsel submitted a letter request, dated January 28, 2013, asking that the time for serving the defendants in the action be extended until March 21, 2013. Dkt. No. 7. I granted that request, in part, extending the time to serve the defendants to February 28, 2013. Text Order Dated 1/29/13.

In response to plaintiff's amended complaint, defendants Prudential Financial, Inc., Mathew Dauksza, and Michael McGill, all of whom have been served in the action, filed a motion to dismiss all of plaintiff's claims for failure to state a cause of action upon which relief may be granted. Dkt. Nos. 16, 17. As a result, the pretrial conference scheduled to be held by this court on March 21, 2013, pursuant to Rule 16 of the Federal Rules of Civil Procedure, was adjourned without date. Text Scheduling Notice Dated 3/14/13. Senior District Judge Norman A. Mordue issued a decision on March 7, 2014, granting the pending dismissal motions, in part, and

directing that all claims against defendants Matthew Dauksza and Michael McGill be dismissed.  Dkt. No. 33.  Based upon the issuance of that decision, a Rule 16 conference in the case has now been set for May 8, 2014.

Despite the pendency of this action since November 2012, defendant Ken Jones has yet to be served or appear in the action. Accordingly, the court issued an order on March 10, 2014, directing that plaintiff show cause why his claims against defendant Jones should not be dismissed based upon his failure to effectuate service upon that defendant in a timely fashion.  Text Order to Show Cause Dated 3/10/14.  In response, plaintiff's counsel, Lewis G. Spicer, Esq., has submitted an affirmation indicating that the process server retained to effectuate service has been unable to locate defendant Jones despite several attempts during January and February 2013.  Dkt. No. 34 at 1-2.  In that affirmation, plaintiff's counsel requested an extension of time, of an unspecified duration, to serve defendant Jones with the summons and amended complaint.  *Id.* at 2-3.  Defendant Prudential Financial, Inc., has since submitted a letter requesting that plaintiff's claims against defendant Jones be dismissed.  Dkt. No. 35.

Rule 4(m) of the Federal Rules of Civil Procedure requires that a party be served within one hundred twenty days of issuance of the

summons, absent a court order extending that period.[1]  In the event that a

party seeks an extension of that time period, "where good cause is shown,

the court has no choice but to extend the time for service, and the inquiry

is ended."  *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340 (7th

Cir. 1996).  "If, however, good cause does not exist, the court may, in its

discretion, either dismiss the action without prejudice or direct that service

be effected within a specified time."  *Panaras*, 94 F.3d at 340 (citing Fed.

R. Civ. P. 4(m)); *see also Zapata v. City of New York*, 502 F.3d 192, 196

(2d Cir. 2007) ("[D]istrict courts have the discretion to grant extensions of

the service period even where there is no good cause shown[.]");

*Romandette v. Weetabix Co., Inc.*, 807 F.2d 309, 311 (2d Cir. 1986).

When examining whether to extend the prescribed period for service, a

district court is afforded ample discretion to weigh the "overlapping

equitable considerations" involved in determining whether good cause

exists, and whether an extension may be granted in its absence.  *Zapata*,

---

[1]      Specifically, Rule 4(m) provides that,

> [i]f a defendant is not served within 120 days after the
> complaint is filed, the court – on motion or on its own after
> notice to the plaintiff – must dismiss the action without
> prejudice . . . or order that service be made within a
> specified time.  But if the plaintiff shows good cause for the
> failure, the court must extend the time for service for an
> appropriate period[.]

Fed. R. Civ. P. 4(m).  The court's local rules of practice shorten the time for service
from the 120 day period under Rule 4(m) to sixty days.  N.D.N.Y. L.R. 4.1(b).

502 F.3d at 197.

In this case, the court has serious doubts that plaintiff's affirmation establishes good cause to extend the deadline to serve defendant Jones in this action.  In light of the fact that a rule 16 conference has not yet occurred, and discovery in the action has not yet commenced, however, plaintiff will be given one final opportunity to effectuate service upon defendant Jones no later than April 30, 2014.  If, however, the defendant is not served by that date, I will recommend that plaintiff's claims against him be dismissed, without prejudice.

Based upon the foregoing, it is hereby

ORDERED that plaintiff is directed to effectuate service of the summons and amended complaint in this action upon defendant Ken Jones no later than April 30, 2014.

Dated:     March 21, 2014
           Syracuse, New York

David E. Peebles
U.S. Magistrate Judge